**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ronald D. Brown, | ) | No. CV-04-2355-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of Social Security | ) ) ) | |
| Defendant. | ) ) | |

The court has before it plaintiff's application for attorney's fees (doc. 23), defendant's response (doc. 28), and plaintiff's reply (doc. 33). On November 25, 2005, we issued an Order (doc. 20), in which we denied both parties' motions for summary judgment and remanded the case to the ALJ for further findings. Plaintiff then filed an application for attorney's fees and costs in the amount of $4,301.25 and $150.00, respectively, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

The EAJA provides for an award of attorney's fees to a prevailing party unless the government's position as a whole was substantially justified. Id. at § 2412(d)(1)(A); United States v. Marolf, 277 F.3d 1156, 1161 (9th Cir. 2002). A "substantially justified" position is one that has "a reasonable basis in both law and fact." The fact that the government did not prevail in court "does not raise a presumption that its position was not substantially justified." Id. at 1162. In reviewing this application for fees, we will look to whether the

1   Commissioner was substantially justified with respect to the procedural issue on which
2   plaintiff prevailed in our November 25th Order. See Flores v. Shalala, 49 F.3d 562, 566 (9th
3   Cir. 1995).
4          Plaintiff raised four issues challenging the Commissioner's denial of his application
5   for disability benefits. We affirmed the ALJ's conclusions on three issues, and remanded the
6   case to the ALJ for further clarification of the fourth issue, relating to the plaintiff's ability
7   to perform his past relevant work as a cashier. Specifically, we asked the ALJ to further
8   consider a conflict between the plaintiff's "sedentary" residual functional capacity and the
9   conclusion that he could perform his past relevant work as a cashier, which the Dictionary
10  of Occupational Titles (DOT) classifies as "light" work. In reaching our decision to remand,
11  we were aware that the regulations provide that the DOT classifications are rebuttable,
12  Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995), and that vocational expert testimony
13  and published sources other than the DOT are authoritative. See 20 C.F.R. §§
14  404.1566(d)(2)-(5),(e); 20 C.F.R. § 404.1560(b)(2). However, because the ALJ had not
15  expressly resolved this conflict, we remanded for further review. We expressly stated in our
16  order, however, that "[w]e express no opinion as to the ALJ's determination that plaintiff is
17  capable of performing his past relevant work." Order at 7. Accordingly, we conclude the
18  Commissioner's position was substantially justified.
19         **IT IS THEREFORE ORDERED DENYING** plaintiff's application for
20  attorney's fees (doc. 23).
21         DATED this 8th day of June, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge